UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DELL INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  16-2585 (RMC) |
| | ) | |
| FRANK A. DECOSTA., *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

Audio MPEG, Inc., and others, sued Dell, Inc., in the Eastern District of Virginia, complaining that Dell infringed certain patents. *Audio MPEG, Inc. v. Dell, Inc.*, No. 16-cv-0082 (E.D. Va., filed Dec. 21, 2015) ("Virginia Action").  Dell has advanced various defenses and counterclaims, most particularly alleging violations of the antitrust laws of the United States. *See* Dell Mot. to Compel, Ex. B [Dkt. 1-2] (Dell Ans. in E.D. Va.) ¶ 29.  In this Court, Dell seeks to compel compliance with subpoenas seeking documents and testimony from Defendants Frank A. DeCosta III and John C. Paul, attorneys with Finnegan, Henderson, Farabow, Garrett & Dunner LLP ("Finnegan"), the firm that used to represent Audio MPEG on matters involving patents and intellectual property.  The subpoenas were served on July 20, 2016.  After months of discussions without the production of any documents or presentation of any testimony, Dell moved to compel responses in the jurisdiction in which Messrs. DeCosta and Paul practice law. The two attorneys, represented by their firm, hotly contest the propriety of the subpoenas as well as their burden and lack of proportionality, and urge this Court to transfer the matter to Virginia, where the underlying case is being litigated.

1

When the petition was filed, fact discovery in the Virginia Action was scheduled to close on January 17, 2017. Dell suggests in its Reply that the parties have agreed to allow third-party depositions to take place after this deadline. *See* Pl. Reply [Dkt. 9] at 2, n.4. The Court has carefully studied the parties' briefs. Believing that discovery disputes should be resolved as quickly as possible, with the least time and expense for the parties, this Court acts expeditiously to aid the litigation process.

## I. FACTUAL BACKGROUND

Defendants DeCosta and Paul "are the longtime licensing counsel to Virginia Plaintiffs Audio MPEG, Inc. and its parent company Societa Italiana per lo Sviluppo dell'Elettronica S.p.A. ("Sisvel") . . . ." Pl. Reply [Dkt 9] at 1. Both attorneys "represent[ed] Audio MPEG in licensing negotiations with third parties, as well as other business activities." *Id.* Dell asserts:

> The facts and circumstances of these licensing negotiations are relevant to a number of claims and counterclaims in the Virginia Action, including appropriate damages calculations, Dell's defense of patent exhaustion, and Dell's counterclaims regarding anticompetitive provisions in certain licensing agreements.

*Id.* Dell points out that the Virginia Plaintiffs' disclosures identified Defendant DeCosta as an individual with discoverable information and Audio MPEG's past president testified repeatedly at deposition that Defendant Paul is a source of relevant information. Dell provides no particulars on the subject matters that were referenced.

Defendant attorneys do not dispute any of the above. Rather, they contend that Dell's subpoenas impose an undue burden and expense on Defendants, in violation of the Federal Rules of Civil Procedure 26 and 45 "regarding relevance, proportionality, burden, expense and the ability to obtain information from other sources" because the information sought

is available from a more convenient source, namely, Audio MPEG. Def. Opp'n [Dkt. 5] at 15. Defendants further argue that the subpoenas risk disclosure of attorney-client privilege or other protected matters, such as third party confidentiality. *Id*. at 18.

## II.  LEGAL STANDARDS

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FRCP 26(b)(1). Rule 45 requires that a court must modify or quash a subpoena when, *inter alia*, it "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." FRCP 45(d)(3)(A)(iii)-(iv). A party issuing "a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FRCP 45(d)(1).

Whether a subpoena imposes an "undue burden" depends on the specific facts of the case and courts "'must balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it.'" *In re Ex Parte Application of Kleimar N.V.*, No. 16-MC-355, 2016 WL 6906712 at *3 (S.D.N.Y. Nov. 16, 2016) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 297 F.R.D. 223, 226 (S.D.N.Y. 2013)). In balancing the interests served by demanding compliance, courts should consider "'relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *American Elec.*

*Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (quoting *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 53 (S.D.NY. 1996)).

### III. ANALYSIS

#### A. The Subpoenas

Dell's requests for document production are, as Defendants assert, overbroad and unduly burdensome. Dell asked Defendants for, inter alia, "[a]ll documents . . . that refer or relate to any license, proposed license, settlement agreement, proposed settlement agreement, or negotiations regarding any license or settlement agreement related to the Patents-in-Suit . . . in which any or all of the Counter-Defendants have included or considered including a provision regarding or referencing Dell." Mot. to Compel, Ex. C [Dkt. 1-2] at 7 (Subpoena). Such open document requests, served on prior counsel, would impose an undue and disproportionate burden on Defendants to prepare a privilege log[1] of the thousands of documents that Defendants could reasonably be expected to "possess" after a decade of Audio MPEG representation but most of which would be protected by the attorney-client privilege or attorney work-product doctrine.

The Court will limit Dell document requests, in each category, to: (1) documents as they originated outside Finnegan; and (2) all communications between one or both Defendants or anyone acting at their direction and any "Licensee." "Licensee" shall have the meaning given in paragraph 23 and "Communication" shall have the meaning given in paragraph 5 of Attachment A to the Subpoena to each Defendant. *See* Subpoena at ¶¶ 5, 23.

---

[1] Rule 45 requires that a person withholding subpoenaed information under a claim that it is privileged or subject to a protection must "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected will enable the parties to assess the claim." FRCP 45(e)(2)(ii). "The rule is obviously mandatory" and "[f]ailure to comply with it 'is deemed to waive the underlying privileged claim.'" *GFL Advantage Fund, Ltd. V. Colkitt*, 216 F.R.D. 189, 195 (D.D.C. 2003) (quoting *In re Grand Jury Subpoena*, 274 F.3d 563, 567 (1st Cir. 2001)).

### B. The Deposition Notices

In contrast, Dell's notices of deposition for each of the Defendants here does not suffer from the same infirmities. Defendants can assert the attorney-client privilege or the attorney work-product doctrine if either of them believes in good faith that it applies to the answer to any question. All parties will be ordered to conduct themselves in a civil and professional manner which should be customary to them all as officers of the Court. The fact of Defendants' prior roles as licensing counsel to Audio MPEG and Sisvil has no bearing on each Defendant's testimony concerning their correspondence or dealings with non-client outside parties (which does not, of course, include internal strategy sessions and/or the lawyer's mental processes).

Without providing a specific reason, Defendants suggest that if the Court fails to agree that they should not be subject to depositions, Dell should be limited to "a lawyer" for two hours. The Court believes such a limitation would unfairly and without good purpose limit Dell's ability to discover information held specifically by these Defendants according to their former client. It will require each Defendant to sit for a deposition of the general duration applicable to all fact witnesses in the Virginia Action or for seven (7) hours, whichever is longer.

### IV. CONCLUSION

For the reasons stated, Dell's motion to compel will be granted in part and denied in part. A memorializing order accompanies this memorandum opinion.

Date: January 17, 2017

/s/
ROSEMARY M. COLLYER
United States District Judge